UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS BARILLA CASTANEDA, CDCR #K-23993,<br><br>                            Plaintiff,<br><br>        vs.<br><br>CDCR, et al.,<br><br>                          Defendants. | Case No.: 3:18-cv-1018-LAB-BGS<br><br>**ORDER:**<br><br>**1) DISMISSING FIRST AMENDED COMPLAINT PURSUANT TO 28 U.S.C. § 1915(e)(2) AND § 1915A(b)(1); AND**<br><br>**2) DENYING MOTION FOR EXTENSION OF TIME AS MOOT [ECF No. 7]** |

**I.    Procedural History**

On May 21, 2018, Jesus Barilla Castaneda ("Plaintiff"), formerly incarcerated at Salinas Valley State Prison, ("SVSP") located in Soledad, California, filed a civil rights Complaint pursuant to 22 U.S.C. § 1983 (ECF No. 1). Plaintiff also filed a Motion to Proceed In Forma Pauperis ("IFP") pursuant to 28 U.S.C. § 1915(a) (ECF No. 2).

1

Plaintiff claimed almost 40 individual California Department of Corrections and Rehabilitation ("CDCR") correctional officials employed at the Richard J. Donovan Correctional Facility ("RJD") violated his constitutional rights when he was housed at RJD in 2016.

On July 17, 2018, the Court DISMISSED all of Plaintiff's claims against the named Defendants with the exception of Tucker, Caniman, McGee, Rink, Garcia, Espinoza, Renteria, Romero, and Valdovinos for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). (ECF No. 4 at 18.) Plaintiff was granted the option to either: "(1) Notify the Court of the intention to proceed with the claims against Tucker, Caniman, McGee, Rink, Garcia, Espinoza, Renteria, Romero, and Valdovinos only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted" in the Court's Order. (*Id.*)

Plaintiff chose to file a First Amended Complaint ("FAC") on September 14, 2018. (ECF No. 9.) In addition, Plaintiff had previously filed a "Request for an Extension of Time to Amend Complaint," ECF No. 7, which the Court now DENIES as moot in light of the Court's acceptance of Plaintiff's FAC for filing.

Plaintiff was cautioned in the Court's July 17, 2018 order that "Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived." (ECF No. 4 at 18 citing S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").) In Plaintiff's FAC, he no longer names as Defendants, Brocamonte, Stuart, Vogel, Anderson, Self, Mencias, Duran, Casas, Keyes, G. Lewis, or Ceriman. Accordingly, the claims against these Defendants are waived and they are DISMISSED from this action.

/ / /

/ / /

## I. Sua Sponte Screening per 28 U.S.C. § 1915(e)(2) and § 1915A

### A. Standard of Review

As the Court previously informed Plaintiff, because he is a prisoner and is proceeding IFP, his FAC requires a pre-answer screening pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). Under these statutes, the Court must sua sponte dismiss a prisoner's IFP complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing 28 U.S.C. § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)). "The purpose of [screening] is 'to ensure that the targets of frivolous or malicious suits need not bear the expense of responding.'" *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (citations omitted).

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that screening pursuant to § 1915A "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule 12(b)(6) requires a complaint "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *Wilhelm*, 680 F.3d at 1121.

Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" or "unadorned, the defendant-unlawfully-harmed me accusation[s]" fall short of meeting this plausibility standard. *Id*.

B.   Eighth Amendment allegations

On May 13, 2016, Plaintiff claims Defendant Valdovinos was verbally harassing Plaintiff and other inmates because they were "all in the Mental Health Delivery Program ("MHDP")." (FAC at 4.) The following day, Plaintiff alleges Valdovinos "saw [him] at [his] cell window and came to call [him] further names." (*Id.*) Plaintiff filed a grievance against Valdovinos on May 28, 2016. (*Id.*)

On June 20, 2016, Plaintiff was "exiting [his building," when Valdovinos "told c/o Romero to 'get that [expletive],'" while pointing to Plaintiff. (*Id.*) Plaintiff alleges Defendant Romero "grabbed the push handles" on Plaintiff's wheelchair, turned the wheelchair around, and pushed Plaintiff back towards the building. (*Id.*) As they approached the doorway, Plaintiff claims Romero "veered sharply to the right and crashed [Plaintiff] into the right wall." (*Id.*) Plaintiff alleges that Romero "crashed" him "several times against each side" before Plaintiff was able to stop the wheelchair from moving. (*Id.*) Plaintiff claims Romero "told [him] to stand" so they could fight. (*Id.*) Instead, Plaintiff was pushed to his cell where he alleges "Romero and Valdovinos then took turns standing watch" over Plaintiff while "the other entered my cell and trashed and threw everything around and onto the floor." (*Id.* at 4-5.)

On July 22, 2016, Plaintiff was exiting his building when he was "struck in the back with a large rock." (*Id.* at 5.) Plaintiff asked a group of correctional officers who were standing nearby who threw the rock. (*Id.*) Plaintiff alleges that Defendant Renteria "stepped forward, showed me his name tag, and said 'I did it.'" (*Id.*)

Plaintiff claims Romero, Valdovinos, and Renteria "work together to target inmates for abuse and retaliation." (*Id.*) He further claims Defendants Kang and Duncan, both Sergeants, "were aware of the misconduct of these three c/o's and allowed and encouraged these acts." (*Id.*) Plaintiff was later interviewed by Kang and Duncan "regarding the misconduct of Romero, Valdovinos, and Renteria." (*Id.*)

Any physical application of force against a person in custody, whether it be through brute strength, chemical or other weaponry, or mechanical restraint, may not be

4

excessive. *See Whitley v. Albers*, 475 U.S. 312 (1986) (prison shooting); *Hudson v. McMillian*, 503 U.S. 1 (1992) (prison beating); *LeMaire v. Maass*, 12 F.3d 1444, 1450-53, 1457, 1460 (9th Cir. 1993) (prison's use of in-shower and in-cell leg and waist restraints). "That is not to say that every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 10 (citing *Johnson v. Glick*, 481 F.2d 1028, 1033 (2d Cir. 1973) ("Not every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights"). In order to violate the Eighth Amendment, the Defendant must use force which is "unnecessary" and "wanton." *Whitley*, 475 U.S. at 319. "It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause, whether that conduct occurs in connection with establishing conditions of confinement, supplying medical needs, or restoring official control over a tumultuous cellblock." *Id*.

Thus, a constitutional violation can only be established if force was used "maliciously and sadistically for the purpose of causing harm." *Id*.; *see also Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (claims that an official has inflicted cruel and unusual punishment contain both an objective component as well as a subjective "inquiry into the prison official's state of mind"). Here, the Court finds that Plaintiff's claims, due in part to a lack of any allegation that he suffered any physical injury from any of the incidents alleged, fail to rise to the level of an Eighth Amendment violation. Moreover, there are no factual allegations from which the Court could find that Romero, Valdovinos, Renteria, Kang or Duncan acted with malicious or sadistic intent.

Accordingly, the Court finds that Plaintiff has failed to state an Eighth Amendment against any of these Defendants, and that these claims must be dismissed pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b). *See Lopez*, 203 F.3d at 1126-27; *Resnick*, 213 F.3d at 446.

/ / /

/ / /

C. Fourteenth Amendment violations

From May 13, 2016 to July 20, 2017, Plaintiff lists eight (8) times he was issued a "false" rules violation report ("RVR") from Defendants Cariman, McGee, Rink, Givens, Espinoza, Melgoza, Hannon, and Lopez. (*See* FAC at 9-11.) After each RVR was issued, Plaintiff alleges Defendants Hernandez, Davies, Frost, Aguirre, and Garcia, all acting as hearing officers presiding over Plaintiff's disciplinary hearings, found him guilty of the disciplinary violations and imposed sanctions such as loss of time on the prison yard, phone time, dayroom privileges, and loss of "good time" credits. (*Id.*) Plaintiff offers very few factual allegations pertaining to the actions purportedly taken by these Defendants.

To the extent Plaintiff challenges any of the Defendants' decision to issue a RVR solely on grounds that Plaintiff contends were "false," he cannot state a claim. *See e.g.*, *Dawson v. Beard*, 2016 WL 1137029 at *5-6 (E.D. Cal. 2016) ("The issuance of a false RVR, alone, does not state a claim under section 1983."); *Ellis v. Foulk*, 2014 WL 4676530, at *2 (E.D. Cal. 2014) (noting that claims of arbitrary action by prison officials are grounded in "'the procedural due process requirements as set forth in *Wolff v. McDonnell*.'") (quoting *Hanrahan v. Lane*, 747 F.2d 1137, 1140 (7th Cir. 1984)); *Solomon v. Meyer*, 2014 WL 294576, at *2 (N.D. Cal. 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing *Chavira v. Rankin*, 2012 WL 5914913, at *1 (N.D. Cal. 2012) ("The Constitution demands due process, not error-free decision-making.")); *Johnson v. Felker*, 2013 WL 6243280, at *6 (E.D. Cal. 2013) ("Prisoners have no constitutionally guaranteed right to be free from false accusations of misconduct, so the mere falsification of a [rules violation] report does not give rise to a claim under section 1983.") (citing *Sprouse v. Babcock*, 870 F.2d 450, 452 (8th Cir. 1989) and *Freeman v. Rideout*, 808 F.2d 949, 951-53 (2d Cir. 1986)).

To the extent Plaintiff challenges the validity of the disciplinary proceedings which resulted from these alleged false RVRs on grounds that they violated his right to

procedural due process, he also fails to state a claim upon which § 1983 relief can be granted. *See* 28 U.S.C. §§ 1915(e)(2), 1915A(b).

The Due Process Clause protects prisoners against deprivation or restraint of "a protected liberty interest" and "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (quoting *Sandin v. Conner*, 515 U.S. 472, 484 (1995)) (internal quotation marks omitted). Although the level of the hardship must be determined in a case-by-case determination, courts look to:

> 1) whether the challenged condition 'mirrored those conditions imposed upon inmates in administrative segregation and protective custody,' and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; and 3) whether the state's action will invariably affect the duration of the prisoner's sentence.

*Ramirez,* 334 F.3d at 861 (quoting *Sandin*, 515 U.S. at 486-87). Only if an inmate has alleged facts sufficient to show a protected liberty interest does the court next consider "whether the procedures used to deprive that liberty satisfied Due Process." *Ramirez,* 334 F.3d at 860.

As currently pleaded, Plaintiff's FAC fails to allege facts which show that the disciplinary punishment he faced as a result of these purportedly "false" RVRS subjected him to any "atypical and significant hardship in relation to the ordinary incidents of prison life." *Id.*; *Sandin*, 515 U.S. at 584. Plaintiff does not compare the conditions of his confinement before or after his disciplinary conviction.

And while Plaintiff does claim that he was "forced to postpone" his parole board appearance due to these disciplinary convictions, his pleading contains no "factual content that allows the court to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that any of the Defendants actions "presented a dramatic departure from the basic conditions of [Plaintiff's] indeterminate sentence," or caused him to suffer an "atypical" or "significant hardship." *Sandin*, 515 U.S. at 584-85; *see also Keenan v. Hall*, 83 F.3d 1083, 1088-89 (9th Cir. 1996), *amended by* 135 F.3d 1318 (9th Cir. 1998).

7

Finally, to the extent Plaintiff requests damages based on allegedly invalid disciplinary conviction, and he seeks the "restoration of credits taken for the false RVRs and to have the RVRs expunged" from his central file (FAC at 18), he faces a procedural bar. *See Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).

State prisoners may not challenge the fact or duration of their confinement in a section 1983 action; their remedy lies in habeas corpus instead. *See Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005). Often referred to as the "favorable termination rule" or the "*Heck* bar," this limitation applies whenever state prisoners "seek to invalidate the duration of their confinement--either *directly* through an injunction compelling speedier release or *indirectly* through a judicial determination that necessarily implies the unlawfulness of the State's custody." *Id.* at 81 (emphasis in original). Accordingly, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Id.* at 81-82. The favorable termination rule applies to prison disciplinary proceedings if those proceedings resulted in the loss of good-time or behavior credits. *Edwards v. Balisok*, 520 U.S. 641, 646-48 (1997).

Where "success in a ... [section] 1983 damages action would implicitly question the validity of conviction or duration of sentence, the litigant must first achieve favorable termination of his available state, or federal habeas, opportunities to challenge the underlying conviction or sentence." *Muhammad v. Close*, 540 U.S. 749, 751 (2004) (citing *Heck*, 512 U.S. 477; *Edwards*, 520 U.S. at 648). Because Plaintiff contends the punishment imposed as a result of his RVR affects the duration of his sentence (FAC at 9, 18)), even a well-pleaded due process claim would be barred unless Plaintiff can also show his disciplinary conviction has been reversed, expunged, or otherwise invalidated. *Heck*, 512 U.S. at 486-87.

///

Here, Plaintiff contends he was convicted based upon Defendants' false allegations; therefore, his claims necessarily imply the invalidity of his disciplinary convictions. *Id.* at 487. Because he has not further alleged his conviction has already been reversed, expunged, or otherwise invalidated, Plaintiff does not state a plausible claim for relief, and his Fourteenth Amendment claims must be dismissed. *Id.*.

D. Retaliation claims

Throughout his FAC, Plaintiff alleges a number of Defendants retaliated against him for filing grievances. Allegations of retaliation against a prisoner's First Amendment rights to speech or to petition the government may support a 1983 claim. *Rizzo v. Dawson*, 778 F.2d 527, 532 (9th Cir. 1985); *see also Valandingham v. Bojorquez*, 866 F.2d 1135 (9th Cir. 1989); *Pratt v. Rowland*, 65 F.3d 802, 807 (9th Cir. 1995).

A retaliation claim has five elements. *Brodheim v. Cry*, 584 F.3d 1262, 1269 (9th Cir. 2009). First, Plaintiff must allege that the retaliated-against conduct is protected. *Watison*, 668 F.3d at 1114.[1] Second, Plaintiff must allege Defendants took adverse action against him.[2] *Rhodes v. Robinson*, 408 F.3d 559, 567 (9th Cir. 2005). Third, Plaintiff must allege a causal connection between the adverse action and the protected conduct.[3] *Watison*, 668 F.3d at 1114. Fourth, Plaintiff must allege the "official's acts would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes*, 408 F.3d at 568 (internal quotation marks and emphasis omitted).[4] Fifth, Plaintiff must

---

[1] The filing of an inmate grievance is protected conduct. *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005).

[2] The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action...." *Brodheim*, 584 F.3d at 1270.

[3] Because direct evidence of retaliatory intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal. *Watison,* 668 F.3d at 1114 (citing *Pratt*, 65 F.3d at 808 ("[T]iming can properly be considered as circumstantial evidence of retaliatory intent.")).

[4] "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," *Brodheim*, 584 F.3d at 1269, that is "more than minimal," *Robinson*, 408 F.3d at 568 n.11.

allege "that the prison authorities' retaliatory action did not advance legitimate goals of the correctional institution...." *Rizzo*, 778 F.2d at 532; *Watison*, 668 F.3d at 1114-15.

Here, the Court finds that Plaintiff has sufficiently alleged a retaliation claim against Defendant Valdovinos based on the allegations set forth in Plaintiff's FAC. (*See* FAC at 11.) However, the Court finds that Plaintiff has not sufficiently alleged a retaliation claim against any other named Defendant.

### 1. Claims against Tucker

Plaintiff alleges that he "sent a very aggressive letter" to Defendant Tucker in which he informed her that if she did not obtain a wheelchair for him, he would be "seeking to file a civil rights action against her." (FAC at 11.) In turn, Tucker purportedly "faxed a copy of [his] letter" to Cariman and McGee asking that they placed Plaintiff in "ad-seg for having threatened her with legal action." (*Id.*) However, Plaintiff admits no action was taken against him after Cariman told Plaintiff that he "saw nothing that would warrant placement into ad-seg." (*Id.*) Here, Plaintiff has failed to state an element of a retaliation claim which must include an allegation that the Defendants took adverse action against him based on the letter he wrote. *Rhodes*, 408 F.3d at 567. Therefore, the Court finds that Plaintiff has failed to state a retaliation claim against Defendant Tucker.

### 2. Claims against Espinoza and Archuletta

Plaintiff also alleges that on October 20, 2016, Espinoza and Archuletta retaliated against him "for having filed multiple complaints against staff." (FAC at 11.) As stated above, Plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. Plaintiff offers no plausible facts that would suggest how Espinoza and Archuletta were aware of these grievances or which

---

That the retaliatory conduct did not chill Plaintiff from suing the alleged retaliator does not defeat the retaliation claim at the motion to dismiss stage. *Id.* at 569.

10

grievances Plaintiff purportedly filed against staff. He draws no causal connection that would support a claim against Espinoza and Archuletta. Plaintiff must identify what specific protected conduct he was engaged in and to what degree Espinoza and Archuletta had actual knowledge of Plaintiff's protected conduct.

Based on the lack of sufficient specific factual allegations, the Court finds that Plaintiff has failed to state a retaliation claim against Espinoza and Archuletta.

E. Access to Courts[5]

Plaintiff's claims regarding his legal property are not entirely clear but he appears to allege that Defendants removed his "legal research," along with journals and other legal paperwork, from his cell. (FAC at 14.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference.").

However, Plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also*

---

[5] Plaintiff names Deputy Attorney General Andrew Gibson as a Defendant but it is far from clear what this Defendant did, or did not do, that caused Plaintiff's constitutional rights to be violated. The only allegation relating to this Defendant appears to arise from his representation as counsel for correctional officers in an entirely unrelated matter. If Plaintiff chooses to file an amended pleading, he must offer the specific grounds that he seeks to hold this Defendant liable.

11

*Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (defining actual injury as the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'non-frivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

In addition, Plaintiff must allege the loss of a "non-frivolous" or "arguable" underlying claim. *Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, Plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

Plaintiff's FAC fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Therefore, the Court finds that Plaintiff's FAC fails to include any "factual matter" to show how or why any of the individual Defendant in this case caused him to suffer any "actual prejudice" "such as the inability to meet a filing deadline or to present a claim," with respect to any case. *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.

Thus, because Plaintiff has failed to allege facts sufficient to show that Defendant caused him to suffer any "actual injury" with respect to any non-frivolous direct criminal appeal, habeas petition, or civil rights action he may have filed, *see Lewis*, 518 U.S. at 354, the Court finds Plaintiff's access to courts claims must be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

F.  Leave to Amend

Because the Court has determined that some of Plaintiff's claims survive the sua sponte screening process, the Court will give Plaintiff the opportunity to either: (1) notify the Court of the intent to proceed with his retaliation claim against Valdovinos only; or (2) file an amended pleading correcting all the deficiencies of pleading identified by the Court in this Order. Plaintiff must choose one of these options within forty-five (45) days from the date this Order is filed. If Plaintiff chooses to proceed as to his retaliation claim against Valdovinos only, the Court will issue an Order directing the U.S. Marshal to effect service of his FAC and dismiss the remaining claims and defendants.

## III. Conclusion and Order

Good cause appearing, **IT IS HEREBY ORDERED** that:

1. Plaintiff's Motion for Extension of Time to File his FAC (ECF No. 7) is DENIED as moot.

**IT IS FURTHER ORDERED** that:

2. The Court **DISMISSES** Plaintiff's claims against all named Defendants with the exception of Valdovinos for failing to state a claim pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

3. The Court **GRANTS** Plaintiff forty-five (45) days leave from the date of this Order in which to either: (1) Notify the Court of the intention to proceed with the claims against Valdovinos only; or (2) File an Amended Complaint which cures all the deficiencies of pleading noted. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. Defendants not named and any claims not re-alleged in the Amended Complaint will be considered waived. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey*, 693 F.3d at 928 (noting that claims dismissed with leave to amend which are not re-alleged in an amended pleading may be "considered waived if not repled.").

/ / /

13

3:18-cv-1018-LAB-BGS

4. The Court **DIRECTS** the Clerk of the Court to provide Plaintiff with a blank copy of its form Complaint under the Civil Rights Act, 42 U.S.C. § 1983 for Plaintiff's use and to assist him in complying with LR 8.2.a's requirements.

**IT IS SO ORDERED**.

Dated: October 2, 2018

_Larry A. Burns_
HON. LARRY ALAN BURNS
United States District Judge